## Chicago, St. Paul and Kansas City Railway Company v. The Commercial Bank of Manitoba.

1. BILLS OF LADING—*Delivery by a Carrier to an Acceptor of the Accompanying Bill of Exchange.*—When a bill of exchange is attached to a bill of lading and the drawee accepts the bill of exchange but does not receive the bill of lading, in the absence of any arrangement or instructions from the holder of the bill of exchange relating to the bill of lading the carrier will be justified in delivering it to the acceptor of the bill of exchange.

**Trespass on the Case,** for a wrongful delivery of a bill of lading. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Submitted at the March term, 1895; reversed. Opinion filed April 22, 1895.

APPELLANT'S BRIEF, GARDNER & McFADON, ATTORNEYS.

A common carrier may always excuse failure to deliver to a claimant by showing that he delivered to the true owner. Brunswick v. Express Co., 46 Iowa, 677; Porter on Bills of Lading, Sec. 464.

The effect of the indorsement and delivery of a bill of lading is to transfer to the indorsee or holder, such right to or property in the goods thereby represented, as it was the intention of parties to pass, and that intention is to be gathered from all the circumstances attending the transaction. Emery v. Irving Nat. Bank, 25 Ohio St. 360; Porter on Bills of Lading, Sec. 508.

The property acquired in goods covered by a bill of lading, by one to whom the latter is pledged as collateral security for the discount of the draft drawn against it, is a

special property. His title is conditional, and in case of a time draft, it is conditioned upon the consignee's acceptance, and is by such acceptance divested. Porter on Bills of Lading, Secs. 521, 523; Marine Bank of Chicago v. Wright, 48 N. Y. 3; National Bank of Commerce v. Merch. Nat. Bk., 1 Otto 92; Lanflar v. Bossom, 1 La. Ann. Rep. 148; Wis. Ins. Co. v. The Bank, 21 Up. Can. Q. B. 284; 2 Up. Can. Error & Appeal Rep. 22; Shepherd v. Harrison, L. R. 4 Q. B. 493; Coventry v. Gladstone, L. R. 4 Eq. 493; Gurly v. Behrend, 3 El. & Bl. 622; Allen v. Williams, 12 Pick. 301; Dodge v. Meyer, 61 Cal. 417; Bank of Richmond v. Jones, 4 N. Y. 497; Dowd v. Greene, 24 N. Y. 638; First Nat. Bank v. Kelley, 57 N. Y. 360.

Appellee's Brief, Peckham & Brown, Attorneys.

The acceptance of a draft to which a bill of lading is attached, does not of itself pass any title to the goods, and does not justify a carrier in delivering them to the acceptor, without the production of the bill. The Thames, 14 Wall. (U. S.) 98; Natl. Bank of Commerce v. Merchants Natl. Bank, 91 U. S. 92; Gilbert v. Guignon, L. R. 8 Ch. App. 16; Seymour v. Newton, 105 Mass. 272.

Mr. Justice Gary delivered the opinion of the Court.

A lengthy statement of facts here would only serve to show that the case involves this question: When bills of exchange drawn on twenty days' sight are attached to bills of lading, and the drawee accepts the bills of exchange but does not receive the bills of lading, and there is no evidence of any arrangement or instructions from the holder of the bills of exchange relating to the bills of lading, is the delivery by the carrier to the acceptor a wrong delivery for which the carrier is responsible to the holder of the bills of exchange? If the acceptor was entitled to the bills of lading, it can hardly be contended that the mere fact that they were not delivered to him, there being no evidence of any design by anybody, could

make any difference in the rights or liabilities of the holder of the bills of exchange or the carrier.

We read National Bank v. Merchants Bank, 1 Otto, 91 U. S. 92, as decisive in favor of the carrier, and therefore reverse without remanding, that the question may at once go before the Supreme Court. Reversed.